IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Tony Andowane Grier, a/k/a Tony Andwoane Grier, | ) ) ) | C/A No. 9:16-148-TMC |
| Petitioner, | ) ) | |
| v. | ) ) | **ORDER** |
| Linda Thomas, FCI Edgefield, | ) ) ) | |
| Respondent. | ) ) | |

Petitioner, a federal prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a federal sentence imposed by the United States District Court for the Western District of North Carolina. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. Before the court is the magistrate judge's Report and Recommendation ("Report") recommending that this action be re-characterized as a habeas petition pursuant to 28 U.S.C. § 2255 and transferred to the Western District of North Carolina. (ECF No. 8). Petitioner was advised of his right to file objections to the Report. (ECF No. 8 at 9). Petitioner has failed to file any objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The magistrate judge recommended that Petitioner's habeas petition be re-characterized as a habeas petition pursuant to § 2255 and transferred to the Western District of North Carolina. The magistrate judge also informed Petitioner that if this action was re-characterized as a § 2255 petition, any subsequent § 2255 petitions would be subject to the restrictions of successive or second §2255 motions. (Report at 8). As noted above, Petitioner has not filed any objections.

Because it appears that Petitioner has not previously filed a § 2255 motion, the court may convert the instant petition into a § 2255 motion. *See Castro v. United States,* 540 U.S. 375, 377 (2003). However, a court cannot recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court "informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent [section] 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Id.*

The court agrees with the magistrate judge and finds that the instant petition should be converted to a § 2255 motion. Accordingly, Petitioner has until June 21, 2016, to express his consent to the conversion or to withdraw or amend his petition. *See Castro*, 530 U.S. at 383. The court also informs Petitioner that second or successive motions under § 2255 generally are prohibited, and would have to be certified by a panel of the appropriate court of appeals under limited circumstances. *See* 28 U.S.C. § 2255(h). Certification for second or successive motions to vacate rarely is granted. Furthermore, any conversion to a § 2255 motion will require the court to transfer the motion to "the court which imposed the sentence . . . ." *See* 28 U.S.C. § 2255(a).

The court further informs Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 provides that § 2255 motions have a one-year limitation period, but expresses no opinion as to whether the sentencing court would conclude that a § 2255 motion should be dismissed as time-barred in this instance. 28 U.S.C. § 2255(f).

After a thorough review of the Report and the record in this case, the court adopts the Report (ECF No. 8) and incorporates it herein. Accordingly, the court hereby notifies Petitioner of its intent to re-characterize the petition as a § 2255 motion. Petitioner is directed to file a response to this Order by June 21, 2016, indicating whether he consents to having this § 2241 petition converted to a § 2255 motion and transferred to the sentencing court.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 27, 2016

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.